CASE 17—PETITION EQUITY—SEPTEMBER 24.

# Irish Building and Loan Association v. Clemons.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. In actions in the Louisville Chancery Court against a non-resident, the *warning order* should be made by the clerk, and warn the defendant to answer within *sixty days*.
2. Section 809 of Civil Code does not change the old Code in the manner of summoning a non-resident in that Court.
3. Sections 57 and 60, as to time for non-residents to answer, do not apply to the Louisville Chancery Court.

R. & L. BUCHANAN FOR APPELLANT.

1. Section 57 of the Civil Code, as to time of warning orders, does not apply to the Louisville Chancery Court. The clerk was not authorized to make the warning order in question.
2. Even if section 57 is applicable, the clerk's order is not in conformity with it. (Brownfield v. Dyer, 7 Bush, 505; Phillips v. Pope's heirs, 10 B. Mon., 172; 3d vol. Blackstone's Com.. 278; Old Code, sections 88, 91, 135, 137, 564, 780, 781, 803; New Code, sections 56, 57, 60, 102, 504, 809, 823.)

I. & J. CALDWELL AND WINSTON FOR APPELLEE.

1. Section 808 of Civil Code does not direct how a warning order shall be made, nor change it to ninety days.
2. Section 57 settles the requirements of a warning order, and should be applied to the Louisville Chancery Court.
3. Under sections 809, 57, 771, a non-resident defendant is required to answer in sixty days.
4. The practice of the Louisville Chancery Court sustains this proposition. (New Code, 809, 60, 57, 102, 408, 414, 104, 810, 807, 771, 39; Old Code, secs. 780, 768 to 835; Blight's heirs v. Banks, &c., 6 Monroe, 200; Mason v. Rogers, 4 Littell, 375; Phillips v. Pope's heirs, 10 B. Monroe, 163. page 172; Handly v. Cunningham's trustees, 12 Bush, 403.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The purchaser of the property in this case refused to pay the purchase money, on the ground that the non-resident defendant had not been summoned as required by the provisions of the Civil Code. Under the former Code of Prac-

tice applicable to the Louisville Chancery Court, section 780 of that Code provided, that the warning order shall warn the defendant to answer within sixty days after the time of making the order.   This section is omitted from the present Code, and section 809, relating to proceedings in that Court, provides, that "the defense to an action shall be filed within twenty days after the service of the summons in Jefferson county, or within thirty days after such service elsewhere in the State; or, if the defendant be constructively summoned, the defense shall be filed in sixty days thereafter."

This being the only section designating the manner or character of service on a non-resident in the chapter organizing or regulating proceedings in that Court, it is maintained that the practice applicable to Courts of equity generally in the State, so far as the warning order is concerned, must govern; and in the absence of such a conclusion, that the Louisville Chancery Court or its clerk is without any authority to enter an order of warning.

The mode and time of service in this class of cases applicable to Courts generally, is to be found in sections 57 and 60 of the present Code.   Subsection 7 of section 57 empowers the clerk "to make upon the petition an order warning the defendant to defend the action on the first day of the next term of the Court which does not commence within sixty days after the making of the order."

Section 60 provides, that "a defendant against whom a warning order is made, and for whom an attorney has been appointed, shall be deemed to have been constructively summoned on the thirtieth day thereafter, and the action may proceed accordingly.

The Louisville Chancery Court has no stated terms, and is regarded as always open for the transaction of business.

Irish Building and Loan Association v. Clemons.

This is an express provision of the Code, and therefore the clerk cannot enter an order warning the defendant, as required by section 57, to appear and defend on the first day of any term; and should an order be made requiring the defendant to appear within sixty days, it becomes delusive and misleading, for the reason that the defendant, by section 60, shall not be deemed constructively summoned until the thirtieth day after the order is entered; and section 809 provides that the defense shall be filed after the constructive summons, and, construing the statutes as one, the warning order should be ninety instead of sixty days; yet there is no section of the Code authorizing a warning order at the commencement of the action except section 57, and this fixes the time at sixty days. If sections 57 and 60 are to control as to the time, there is much difficulty in determining the question presented.

The order in the case before us warns the defendant to appear and answer within sixty days from the 15th of December, 1877. It is evident that sections 57 and 60 of the Code, as to the time given for answer, were not intended to apply to the Louisville Chancery Court. Those sections cannot be made to harmonize with the sections regulating proceedings in that Court, and the clerk, when entering the warning order, must necessarily disregard the one section or the other so as to give either any practical effect.

The framers of the Code never contemplated any change from the old Code in the manner of summoning a non-resident when adopting section 809. The entry of the order is the summons in the case, and when made, the purpose was to require the defense to be filed in sixty days. Such was the practice in that Court prior to the adoption of the pres-

ent Code, and a like construction should now be given it. It is maintained, and we think properly, that sections 57 and 60, with reference to the time in which the defense is to be filed, have no application to the present case. The words, *if the defendant be constructively summoned*, mean only the making of the order of warning against him. The defendant is then notified to appear in sixty days after the making of the order, but is not before the Court so as to give jurisdiction to render the judgment until the time expires in which he is permitted to make defense.

In ascertaining the meaning and intention of the Legislature, the Court is not confined to the mere words of the statute, but may look to the spirit and object of the enactment. "The context, the subject-matter, the effects and consequences, and the reason and spirit of the law, may be called in to aid in determining the legislative intent." (Phillips v. Pope's heirs, 10 B. Monroe.) And the former practice may be looked to when the mode of proceeding is involved in doubt. If the sections applicable to Courts of equity generally, in questions of this character, were to regulate the proceedings in the Louisville Chancery Court, the framers of the Code would have so stated; and it being the purpose to make no change in the time intervening between the warning order and the time at which the defense was required to be made, they have adopted the same rule in section 809 that was engrafted in the old Code, and it was intended by the language used to convey the same meaning. In reviving actions against non-residents, in the same chapter applicable to that Court, the defendant is allowed sixty days in which to appear and show cause, evidencing a purpose to give that time and no other in which such parties are to make defense. Section 809 certainly recognizes the existence

of a constructive summons in the proceedings of the Louisville Chancery Court, and provides the time in which the defense is to be made.   This summons is by warning order, to be made by the clerk, and its character is as well defined as that of the summons to be issued against a resident defendant.   Sections 57 and 60 cannot be made to harmonize with section 809 as to the time in which defense is to be made, and we are left to look to this last section, aided by the former practice in that Court, in determining the question raised.   When the order of warning is entered, the defense must be filed in sixty days thereafter.

Judgment affirmed.